## IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

BLAIR HINDMAN, BOTH INDIVIDUALLY
FOR HIMSELF, AND ON BEHALF OF
SIMILARLY SITUATED INDIVIDUALS AND
ENTITIES,

          Petitioner

          v.

TOM WOLF, GOVERNOR,

          Respondent

:  No. 58 WM 2020
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

## CONCURRING STATEMENT

**JUSTICE WECHT**                         **FILED: August 5, 2020**

I agree that this case should be dismissed. This case involves issues that generally overlap with those the Court recently dismissed without explanation in *Private Properties, LLC v. Wolf*, a decision from which I dissented.[1] I join the Court's decision to dismiss this case, but I do so specifically because the perfunctory arguments presented by Petitioner are inadequately developed to merit an exercise of our extraordinary King's Bench jurisdiction.

Rule of Appellate Procedure 123 requires an applicant for relief in our appellate courts to "state with particularity the grounds on which [the application] is based," and specifically acknowledges the prospect that an applicant may attach a supporting brief to an application. Pa.R.A.P. 123(a). Merely citing a jumble of Pennsylvania and federal

---

[1] *See Private Props., LLC v. Wolf*, 90 MM 2020, ___ A.3d ___, 2020 WL 4381579 (Pa. July 31, 2020) (*per curiam*), and this author's Dissenting Statement thereto.

Constitutional principles[2] does not satisfy Rule 123's requirements, especially in invoking this Court's seldom-granted King's Bench jurisdiction. Even extraordinary urgency does not warrant entirely jettisoning an applicant's burden to state clearly the basis upon which he seeks relief.

If Petitioner's arguments were fully developed, and a majority of this Court's members still was inclined to dismiss this case, I would reaffirm my position as stated in *Private Properties*, *see supra* n.1—that the underlying constitutional question concerning the Governor's authority to preclude judicial eviction actions is sufficiently important, and sufficiently urgent, to warrant's this Court's exercise of King's Bench authority.

---

[2]     *See* Petitioner's Application for Extraordinary Relief at 11-12.